# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JEROME GRANT II | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. JKB-18-1261 |
| ANNE ARUNDEL COUNTY, *A Maryland Municipal Corporation*, STEVEN R. SCHUH, *In his capacity as Anne Arundel Co. Executive* | * * * | |
| Defendants | | |

\*\*\*

## MEMORANDUM OPINION

Plaintiff Jerome Grant II filed this civil rights action on May 3, 2018, and paid the full filing fee. ECF 1. The complaint concerns a foreclosure proceeding that was initiated in 2015 and resulted in the sale of his property. Grant contends that the manner in which the Circuit Court for Anne Arundel County permitted notice of the proceeding constitutes a policy of Anne Arundel County that violates the constitution. For the reasons that follow, the complaint must be dismissed.

Foreclosure proceedings against Grant's property were filed on April 14, 2015. *See Rosenberg, et al. v. Grant, et al.*, Case No. C-02-CV-15-001263 (Anne Arundel Co. Cir. Ct.) at http://casesearch.courts.state.md.us/inquiry. At a hearing held on September 14, 2015, the Hon. Philip T. Caroom presiding, neither Grant nor his ex-wife was present, but the hearing nevertheless took place in their absence. ECF 1-2 (transcript of hearing). After the court confirmed that notice was sent to the only address on file for the Grants,[1] and that Nydia Grant's notice was returned as undeliverable, the court observed:

---

[1] The address noted – 8160 Santa Fe Drive, Severn, Maryland 21144 – is the same address Grant lists on documents filed with this court. ECF 1-2 at p. 3.

> So this is the only address I think that the Court has for them, and although it says no known address, perhaps that was from postage having them returned before, and it does appear that at least one of the notices went to the Grants and was returned as undeliverable by the post office.
>
> So putting those things together, it appears that there evidently was a change of address by the Grants or that they gave the court an incorrect address in the first place, and so the court is not able to give better notice to them. Since it is the obligation of parties to keep the court – to notify the court of a correct address and keep the court updated if they change, I am going to find that in effect they are in default for not having complied with that, and that we should proceed in their absence.

ECF 1-2 at pp. 3-4. At the time of the hearing, Mr. Grant had filed a motion challenging the validity of the foreclosure proceeding. *Id.* at p. 5. On October 20, 2015, the Circuit Court for Anne Arundel County issued an order granting the foreclosure and permitting the sale of the property. ECF 1-4. Grant states that following the sale of his property on January 4, 2017, an additional personal judgment in excess of 52 thousand dollars was "approved and ratified" by Judge Harris, Jr. ECF 1-6.

Grant's first claim is that the "county's unconstitutional no-notification policy is executed under color of Maryland foreclosure law" that "gives the appearance that notice has been provided when in actuality, only an invitation that notification should be forthcoming is sent." ECF 1 at p. 6. He maintains that this "policy" is unconstitutional and "manifests itself as a discriminatory housing practice" because it "allows the court to provide constitutional protections at its own discretion as opposed to applying them equally under the law." *Id.* at p. 7. He further states that such a policy allows the county to engage in equal protection violations by applying or not applying the policy for "homeowners of a certain status, age, class, or ethnicity." *Id.* Grant asserts this "policy" has the potential of violating the equal protection clause. *Id.*

Grant's second claim is entitled "Fifth Amendment Violations; Inverse Condemnation." ECF 1 at p. 7. He states that the "county's policy allows the property to be sold to the public at

the propert[y] owner's expense while the county receives a portion of the value of the proceeds." *Id*. at p. 8. He explains that the "policy saves the county administrative costs associated with the takings because there is no proceeding." *Id*. He seems to claim that because the Circuit Court found that he failed to provide a current or correct address, rendering the notice provided seemingly ineffective because he did not show up for the hearing, the County executed a taking of private property without just compensation. *Id*.

Grant's third claim is that the "unlawful policy to injure [him] by imposing a penalty of $52,874" violates the Eighth Amendment's prohibition against "state governments from excessive fines against actions involving forfeiture." ECF 1 at p. 10. He states that the "penalty is excessive in view of the nature of the deprivation of due process and the unlawful taking of [his] property." *Id*. at p. 11.

Grant is neither a prisoner nor is he proceeding in forma pauperis, so the provisions of 28 U.S.C. §§ 1915(e)(2), 1915A (2006), permitting sua sponte dismissal of complaints that fail to state a claim, are inapplicable. *See Stafford v. United States*, 208 F.3d 1177, 1179 n.4 (10th Cir. 2000); *Porter v. Fox*, 99 F.3d 271, 273 n.1 (8th Cir. 1996). This court, however, has the inherent authority to dismiss frivolous complaints even when the filing fee has been paid. *See, e.g.*, *Mallard v. United States Dist. Court*, 490 U.S. 296, 307-08 (1989) ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have the power to do so even in the absence of this statutory provision."); *Fitzgerald v. First E. Seventh St.*, 221 F.3d 362, 364 (2d Cir. 2000). Additionally, this court lacks subject matter jurisdiction over a frivolous claim making dismissal prior to service permissible. *See Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1181–83 (7th Cir. 1989); *Franklin v. Or. State Welfare Div.*, 662 F.2d 1337, 1342–43 (9th Cir. 1981).

Title 42 U.S.C. § 1983 authorizes a plaintiff to bring a suit for damages against any individual "who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution." In suing a municipal government and agency under 42 U.S.C. § 1983, Grant must prove two elements to succeed in this claim. First, he must establish the existence of a constitutional violation on the part of the municipality through a county employee or agency. *See Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (jury's finding that a police officer inflicted no constitutional injury on the plaintiff removed any basis for municipal liability against city and members of police commission); *Temkin v. Frederick Cty. Comm'rs*, 945 F.2d 716, 724 (4th Cir. 1991) (§ 1983 claim of inadequate training or supervision cannot be established without a finding of a constitutional violation on the part of the person being supervised); *see also Dawson v. Prince George's County*, 896 F. Supp. 537, 540 (D. Md. 1995). Second, Grant must show that any constitutional violations were proximately caused by a policy, custom, or practice of the defendants. *See Monell v. Dep't of Social Servs. of N.Y.*, 436 U.S. 658, 691, 694 (1978). Municipal policy arises from written ordinances, regulations, and statements of policy, *id*. at 690; decisions by municipal policymakers, *Pembaur v. Cincinnati*, 475 U.S. 469, 482-83 (1986); and omissions by policymakers that show a "deliberate indifference" to the rights of citizens. *See Canton v. Harris*, 489 U.S. 378, 388 (1989).

The Circuit Court for Anne Arundel County, which is a *state* agency, and the judges who issue decisions for the court are not engaged in municipal policymaking for purposes of *Monell* liability. In essence, Grant's claims, if this complaint is permitted to proceed, would create a cause of action for persons aggrieved by a state court's decision where such a cause of action

4

would otherwise be barred by the doctrine of judicial immunity. It is well established that judges are immune from suit for money damages for decisions made in their capacities as judges. *See e.g.*, *Forrester v. White*, 484 U.S. 219 (1988); *Cleavinger v. Saxner*, 474 U.S. 193 (1985); *Dennis v. Sparks*, 449 U.S. 24 (1980); *Supreme Court of Va. v. Consumers Union of United States, Inc.*, 446 U.S. 719 (1980); *Butz v. Economou*, 438 U.S. 478 (1978); *Stump v. Sparkman*, 435 U.S. 349 (1978); *Pierson v. Ray*, 386 U.S. 547 (1967). Here the asserted "policy" is a decision by the presiding state court judge that the opposing party met its obligation to provide notice to Grant, but that Grant failed to fulfill his responsibility to keep on file with the court an accurate address. This is nothing more than a judicial decision made on the facts presented to the court; it is not a "policy" for Anne Arundel County, nor was it promulgated by a policy-making authority.

The complaint must be dismissed by separate order, which follows.

Dated this 14th day of May, 2018 .

FOR THE COURT:

_____/s/_____
James K. Bredar
Chief Judge